JENNIE A. RATTO

*v.*

THE STATE OF ILLINOIS.

*Opinion filed April 10, 1905.*

STATUTE OF LIMITATIONS—*running not stopped by introduction of bill relating to claim in Legislature.* The running of the statute of limitations against a claim for damages against the State is not stopped by the introduction of a bill for relief in either branch of the Legislature.

The facts on which the claimant bases her right of recovery are set forth in the petition substantially as follows: That the claimant is the widow of Gasper R. Ratto, who held a position as "Deputy Game and Fish Warden for the State," from the year 1897 until his death February 11, 1902. For the further statement of material facts, quotation is made from the petition as follows:

"Petitioner further says that on or about the 15th day of December, A. D. 1901, said Gasper R. Ratto while engaged in his duties as such Deputy Game Warden had left his residence before five A. M., and had gone to the American Express office at the Illinois Central Railroad Depot in Chicago, to inspect incoming packages; that about 6:30 A. M., having opened a barrel or box containing game, to discover whether it contained anything which had been shipped contrary to the provisions of the law, as he withdrew his hand, he received a scratch on the back of same and the wound became infected from some poisonous germ connected with the game or the barrel and resulted in blood poisoning, and although medical aid was promptly sought, and everything done that could be done to prevent the spread of the infection, these efforts were not successful and said Ratto died February 11, 1902."

It is further set forth that "a bill for relief was introduced into the House of Representatives at the session of 1903, being House Bill No. 399, which was referred to the Committee on Claims; that this committee ap-

pointed a special committee to hear evidence in the case and, under its direction, evidence was taken and laid before the committee; that on consideration of said evidence the committee recommended a favorable report, but that the adjournment of the Legislature prevented any further proceedings."

Petitioner further states that she has attached hereto a copy of the depositions aforesaid and prays the court that same may be received by the court as the evidence in this case, required to be taken by deposition."

It is further stated in the petition that the said Gasper R. Ratto left a widow, the claimant herein, and nine children; that "six of said children are living with the petitioner, the three older of whom have been compelled to secure employment to aid in their own support and that of the family, and the three younger of said children, varying from thirteen to seventeen years of age are still in school:" It is further stated that "said Gasper R. Ratto at the time of his death left no property, and petitioner has no property nor any income except that derived from what her said children earn."

In consideration of this statement of facts the sum of $3,000 is asked as proper relief for the claimant and her children.

In behalf of the State, pleas were filed by the Attorney General denying liability of the State, because the facts alleged in claimant's petition are not sufficient in law to entitle claimant to recover thereunder, and further that said claim was not presented within two years from the time such claim may have arisen, and is therefore barred by the statute of limitations.

Under the law creating this court, there is a provision that it "shall file with the records of each claim determined, a brief written statement of the reason of the determination."

The foregoing statement of the case should be a sufficient compliance with the above requirement—a complete "statement of the reason of the determination"

which constrains the court to reject this claim; however much it may appeal to personal sympathy for the unfortunate, it is unwarranted under the laws by which this court must be governed in allowing or rejecting claims—and in our view of the laws applicable we are constrained to reject the claim.

Careful consideration has been given to the able arguments of the plaintiff's attorney; but, however ingenious or ingenuous they may be, we cannot concur with his interpretation of the law creating this court—nor as to the purpose for which it was created, nor as to the scope of its authority.

Inasmuch, however, as counsel's interpretation has not heretofore been presented in argument before the court, so far as recorded or recalled, it would seem desirable to present the general tenor of the argument and counsel's views of the law applicable. They are best indicated by quotations from the argument filed:

"Petitioner further represents that it has heretofore been the praiseworthy custom of the State of Illinois to come to the relief of families the heads of which have lost their lives in the service of the State; that while such action has usually been taken where the deceased was in the military service of the State, there should be no distinction in principle from such service and the service which said Ratto was rendering; that said Ratto was exposed not only to the dangers arising from active opposition by men provided with fire-arms with whose unlawful business or pleasure he, in the exercise of his duties was interfering, but was also in danger of impairment of health and loss of life from the effects of swamps, malaria, and accidents on the water, and as the sequel proved, by the far more insidious and fatal effects of poisonous germs taken into his system while quietly and faithfully fulfilling the duties of his office; that such service, though not surrounded by the traditions and glamour of military service, is nevertheless a species of military service, requiring the constant use and possession of arms and the meeting of lawless individuals or

parties likewise armed, engaged in the violation of positive law."

P. 3. Claimant's petition.

"It needs no argument to show that the Court was not organized to take cognizance of simply legal or equitable claims, but includes all claims whatsoever. Those based upon a moral obligation are fully within the scope of the court's investigation and decision."

"It is precisely because the State cannot be made a defendant in any court of the State—in other words, because there can be no *legal claim* against it that the Court of Claims was established."

P. 2. Brief and Argument for Claimant.

"With all due respect to the Attorney General, it is quite obvious that there is no allegation in the petition of negligence on the part of the State. There could be none. Nor does the objection that the statute of limitations has run apply to a case of this kind. Statutes of limitations cut off the *right of action* after the expiration of a given period. Where no right of action has ever existed it cannot be cut off by any statute. Even here, however, the record shows that the death of Ratto occurred February 11, 1902, and that the bill for relief was introduced in the House of Representatives February 5, 1903, but a little over one year thereafter. So that even if it were necessary that a claim be made within two years, it was done in this case."

P. 3. Brief and Argument for Claimant.

As to this reasoning of the claimant's attorney, as above briefly indicated, it is felt that no extended comment is necessary.

As to the contention above, that "there should be no distinction in principle from such service (militia) and the service which Ratto was rendering: there was no distinction, until the Legislature saw fit to establish one by enacting Sec. 4, Article IX, of the Military Code in force July 1, 1901. This court has not yet nor is it at present disposed to abolish the distinction that the Legis-

lature has seen fit to create. While the Legislature has at all times shown a liberal disposition towards those killed or wounded in the military service of the State and has, before the enactment of 1901 made frequent appropriations therefor; nevertheless this court had not assumed the power or privilege of disbursing the State's funds for such purposes, however much personal sympathy might have so inclined the members of the court.

It is fair to state, and attention is called to the fact that in the Hatfield case against the State, on a rehearing thereof an award is made for injury received in the military service, on the ground that the Legislature had frequently made appropriations in similar cases: but even in that case (of Hatfield) the opinion throughout, up to the making of the award, was an argument that such awards by the Court of Claims (or the Commissioners of Claims) were unauthorized—though the Legislature, being a law unto itself, could do as it saw fit. Since the Hatfield case, the reasoning in the opinion filed on rehearing has been followed; the *award of the claim* has not been accepted as a precedent: though since the enactment of Sec. 4, Article IX of the Military Code, in force July 1, 1901, the question is more one of contention, as in this case, than as to what is the present law.

As to the argument that the statute of limitations does not "apply to a case of this kind: that statutes of limitations cut off the *right of action* after the expiration of a given period. Where no right of action has ever existed it cannot be cut off by any statute." This argument does not appeal to the court, except for its novelty.

As to the introduction of a bill, relating to this claim, in the House of Representatives, and the argument that the running of the statute is thereby stopped; without disrespect to the General Assembly, which was the creator of the Court of Claims, and likewise, in 1847, of the statute of limitations, yet we hold that its own creature, the statute of limitations would continue to operate just as effectively after the introduction of a bill in

either branch of the General Assembly as if the bill had been introduced, in the shape of a resolution in a political or any other convention.

In spite of the eloquence and ingenuity of the claimant's attorney, the court can not agree with him in his reasoning and the claim is rejected as not warranted in law, and for a further reason, if any were necessary, it is barred by the statute of limitations.